# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC ALLEN WIREMAN,**

      **Plaintiff,**

**vs.**                        **Case No. 4:24cv209-MW-MAF**

**WAKULLA COUNTY**
**SHERIFF'S OFFICE, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a pre-trial detainee at the Wakulla County Jail.  He was granted leave to proceed in forma pauperis, ECF Nos. 2 and 5, and directed to file an amended complaint.  ECF No. 6.  Plaintiff did so, but the amended complaint was also deemed insufficient.  Another Order was entered on June 4, 2024, directing Plaintiff to file a second amended complaint by July 3, 2024.  ECF No. 8.  Plaintiff was warned that if he failed to do so, a recommendation would be made to dismiss this case.  *Id.* at 9.

As of this date, Plaintiff has not complied with that Order, nor has Plaintiff filed a motion requesting additional time in which to comply.  It

appears that Plaintiff has abandoned this litigation and it should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not file a

second amended complaint as required.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2024.


 S/    Martin A. Fitzpatrick

**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv209-MW-MAF